FILED IN THE TRIAL COURTS
STATE OF ALASKA
BETHEL SERVICE AREA

DEC 0 3 2018

By_____
DEPUTY CLERK

John R. Neeleman, Bar No.
Kilpatrick Townsend & Stockton LLP
645 G Street
Suite 100
Anchorage, Alaska 99501
Telephone: 206-467-9600
Facsimile: 206-623-6793
Email: jneeleman@kilpatricktownsend.com
Attorneys for Plaintiffs

SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| ASSOCIATION OF VILLAGE COUNCIL PRESIDENTS,<br><br>Plaintiff,<br><br>v.<br><br>NEWHOUSE & VOGLER; JOSEPH LEE NEWHOUSE; JAMES ROBERT NEWHOUSE; and STEPHEN ROBERT VOGLER,<br><br>Defendants | Case No. |

## COMPLAINT

Plaintiff, the Association of Village Council Presidents, complains and alleges as follows against the defendants Newhouse & Vogler, Joseph Lee Newhouse, James Robert Newhouse, and Stephen Robert Vogler.

### I. NATURE OF THE ACTON

1. This is an action by plaintiff the Association of Village Council Presidents against its former auditors, Newhouse & Vogler, Joseph Lee Newhouse; James Robert Newhouse; and Stephen Robert Vogler for accounting malpractice, breach of contract, and violations of the Alaska Unfair Trade Practice And Consumer Protection Act.

*Association of Village Council Presidents v Newhouse & Vogler* - 1
Case No.
COMPLAINT
KILPATRICK TOWNSEND 71350917 1

KILPATRICK TOWNSEND & STOCKTON LLP
645 G STREET, SUITE 100
ANCHORAGE, ALASKA 99501
206.467.9600 FAX: 206.623.6793

EXHIBIT A
Page 1 of 12

Case 4:19-cv-00002-TMB   Document 1-1   Filed 01/11/19   Page 1 of 12

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties and over the subject matter of this dispute pursuant to AS 09.05.015 and AS 22.10.020.

3. Venue in this court is proper because the acts complained of occurred within the Fourth Judicial District pursuant to Alaska Rule of Civil Procedure 3(c).

## III. PARTIES

4. The Association of Village Council Presidents ("AVCP") is a membership nonprofit corporation organized under Alaska law and with its principal place of business in Bethel, Alaska. It is recognized by the federal government both as a tax-exempt "charitable organization" within the meaning of Internal Revenue Code section 501(c)(3) and as a tribal consortium. Its membership is comprised of 56 Alaska Native Tribes scattered throughout the Yukon–Kuskokwim Delta.

5. Newhouse & Vogler is a CPA and accounting firm. Upon information and belief, Newhouse & Vogler is an Alaska Professional Corporation and with its principal place of business in Anchorage, Alaska.

6. Joseph Lee Newhouse, James Robert Newhouse, and Stephen Robert Vogler are principals and/or agents of Newhouse & Vogler, accountants, and residents of Anchorage, Alaska (hereinafter references to "Newhouse & Volger" are intended to refer to the collective defendants).

## III. FACTUAL ALLEGATIONS

7. AVCP's mission is to provide human development and social services, and other culturally relevant programs, for the people of the Yukon–Kuskokwim Delta region, and to promote the self-determination, protection, and enhancement of its members' culture and traditions through a working partnership with the member villages of the region. This is accomplished in part through AVCP's provision of a broad stream of social services, programs, technical assistance, and training, to the 56 federally-recognized Alaska Native Tribes, and to the benefit of all residents of the Yukon-Kuskokwim Delta region.

*Association of Village Council Presidents v Newhouse & Vogler* - 2
Case No.
COMPLAINT
KILPATRICK TOWNSEND 71350917 1

KILPATRICK TOWNSEND & STOCKTON LLP
645 G STREET, SUITE 100
ANCHORAGE, ALASKA 99501
206.467.9600 FAX: 206.623.6793

EXHIBIT A
Page 2 of 12

Case 4:19-cv-00002-TMB   Document 1-1   Filed 01/11/19   Page 2 of 12

8. The activities that AVCP undertakes on behalf of, or in favor of service to, charitable constituents in the Yukon-Kuskokwim Delta are funded through federal and state grants. Thus, residents of the Yukon-Kuskokwim Delta region depend upon AVCP to remain qualified to receive the grant funds that it distributes to the villages.

9. In order to remain qualified to receive the federal and state grant funds without which AVCP's activities are not possible, AVCP must provide annual audit results to the government grantors and account for uses of specific grant funds pursuant to the government grantors' requirements. That is, AVCP must (i) use grant funds as required by the government grantors, and (ii) account for its use of the grant funds as the regulators in and on behalf of the granting agencies require. AVCP's failure to do so could result in the reduction or loss of grant funds, which would be catastrophic for the 56 Tribes, their members, and indeed all residents of the Yukon-Kuskokwim Delta region.

10. There are two types of audits that are relevant to AVCP. First, a GAAP audit, which is the annually conducted audit by which companies disclose their financial performance and condition to lenders, investors, public stakeholders (potential and actual donors, grantors, and state offices to whom 'charities' are accountable), and, if undertaking an IPO or already publicly traded, to the public. The second type of audit relevant to AVCP is the single audit, which is an audit required by the federal government for recipients of federal grants and contracts. A single audit is the means by which a federal grantee—such as a tribal organization or other non-profit—accounts for its use of the funds it receives from the government. The state of Alaska also requires a single audit from grantees receiving its monies.

11. From 1993 to December 2015, Newhouse & Vogler was AVCP's auditors, and performed GAAP audits for AVCP. Joseph Lee Newhouse, James Robert Newhouse, and Stephen Robert were personally involved in preparing GAAP audits for AVCP on behalf of Newhouse & Vogler. Newhouse & Vogler performed both federal and Alaska single audits throughout the time they were required of AVCP through 2015 (i.e., the last being on AVCP's 2014 year).

*Association of Village Council Presidents v Newhouse & Vogler* - 3
Case No.
COMPLAINT
KILPATRICK TOWNSEND 71350917 1

KILPATRICK TOWNSEND & STOCKTON LLP
645 G STREET, SUITE 100
ANCHORAGE, ALASKA 99501
206.467.9600 FAX: 206.623.6793

EXHIBIT A
Page 3 of 12

Case 4:19-cv-00002-TMB   Document 1-1   Filed 01/11/19   Page 3 of 12

12. Newhouse & Vogler's scope of engagement and duty of care under the law included a duty to investigate the adequacy of AVCP's internal controls and compliance with regulatory requirements, including reporting requirements as to AVCP's use of grant funds, and to inform at least AVCP management regarding problems that Newhouse & Vogler discovered that would impede issuance of an unqualified GAAP audit or would yield findings (of deficiencies or material weaknesses with respect to grants management) in the single audit. Further, Newhouse & Volger undertook a duty to conduct a further investigation into the quality of AVCP's internal controls and compliance with regulatory requirements should it discover any problem with them.

13. In the years that Newhouse & Vogler performed GAAP audit and single audit services for AVCP, AVCP specifically required the testing of federal and state grant-expenditure and reporting compliance with respect to any grants that were categorized by federal law for single audit purposes as "major grants." Throughout the years at issue in this litigation, Newhouse & Vogler without exception issued "clean" single audit opinions with respect to compliance with federal and state laws, and AVCP filed these audit reports with federal and state of Alaska government granting agencies.

14. In 2015, AVCP hired the accounting firm Clark Nuber to analyze AVCP's financial records after AVCP's management discovered the need to remedy late periodic grant reporting on TANF grants received by AVCP. Clark Nuber also reviewed the first draft of Newhouse & Vogler's draft 2014 GAAP audit reports that AVCP received on November 13, 2015. Over the course of the ensuing week, Clark Nuber's personnel conducted a financial systems assessment with respect to AVCP's operations which it cross-checked with the Newhouse & Vogler draft audit report. Clark Nuber discovered multiple documentation or reporting irregularities countenanced and/or ignored in N&V's 2014 draft audit reports. AVCP received a final draft of the 2014 GAAP and single audit reports just before Thanksgiving 2015, and it failed to correct the problems identified by Clark Nuber. In response to information received from Clark Nuber, AVCP's General Counsel arranged for an emergency

*Association of Village Council Presidents v Newhouse & Vogler* - 4
Case No.
COMPLAINT
KILPATRICK TOWNSEND 71350917 1

KILPATRICK TOWNSEND & STOCKTON LLP
645 G STREET, SUITE 100
ANCHORAGE, ALASKA 99501
206.467.9600 FAX: 206.623.6793

EXHIBIT A
Page 4 of 12

Case 4:19-cv-00002-TMB   Document 1-1   Filed 01/11/19   Page 4 of 12

meeting of the AVCP Executive Board to be held on December 2, 2015. She and outside compliance counsel Eve Borenstein informed the AVCP Executive Board that the 2014 draft audit reports prepared by Newhouse & Vogler needed to be redone because of Clark Nuber's concerns about the reports' treatment of problems with AVCP's internal controls and compliance with regulatory requirements, including reporting requirements as to AVCP's use of grant funds.

15. Accordingly, on December 2, 2015, having been thusly informed about the problems with the 2014 draft audit prepared by Newhouse & Vogler, AVCP's Executive Board decided that the Newhouse & Volger audits needed to be redone. AVCP considered this action of "re-audit" to be necessary even though it would delay the issuance of the 2014 audit report until September 30, 2016—a year after that report's due date. In January 2016, AVCP's Executive Board replaced Newhouse & Vogler with a new CPA firm to audit AVCP's financial statements (i.e., perform the GAAP audit) and federal and state compliance for single audit purposes for the 2014 calendar year.

16. In the course of addressing the problems initially uncovered by Clark Nuber and in preparing for the 2014 "re-audit" and 2015 audit with the new CPA firm, AVCP discovered the following distinct problems with AVCP's internal controls and compliance with regulatory requirements, including reporting requirements as to AVCP's use of grant funds that should have been both identified by Newhouse & Vogler during its audits (including that of the 2014 year through the 2015 drafts of same) in the exercise of due care and disclosed to AVCP's management.

17. First, inconsistency between AVCP's (i) internal accounting system, (ii) periodic grants compliance reporting, and (iii) the audit reports (said inconsistency was not explained in Newhouse & Vogler's audit reports and could not be reconciled).

18. Second, year-to-year inconsistencies in financial statements disclosed in both the Newhouse & Vogler annual GAAP and single audit reports.

*Association of Village Council Presidents v Newhouse & Vogler* - 5
Case No.
COMPLAINT
KILPATRICK TOWNSEND 71350917 1

KILPATRICK TOWNSEND & STOCKTON LLP
645 G STREET, SUITE 100
ANCHORAGE, ALASKA 99501
206.467.9600 FAX: 206.623.6793

EXHIBIT A
Page 5 of 12

Case 4:19-cv-00002-TMB   Document 1-1   Filed 01/11/19   Page 5 of 12

19. Third, numerous problems with AVCP's compliance with federal regulations with respect to the grants that it received including failure by AVCP to make periodic reports required by federal and state laws disclosing AVCP's use of grant funds.

20. Fourth, failure to support, reconcile or otherwise properly account for the "indirect cost rates" that AVCP is entitled to use in recovering costs chargeable to its grant performance and thus is required to report on single audits as whether they captured overhead and other indirect expenses allocable to activities funded by its government grants. AVCP sustained lost recoverable administrative expenses across several grants because AVCP recovered indirect cost rates at substantially lower rates than it would have recovered had it timely reported its indirect cost rates in compliance with federal law. AVCP's use of a stale 2012 rate caused it to forfeit any indirect cost reimbursements for many grants for the following reasons.

    a. Indirect costs — sometimes called overhead — are costs incurred by a grantee in the conduct of externally sponsored activities that are shared across a large number of grant programs as well as other functions. An indirect cost rate establishes the proportion of indirect costs each grant program should bear and therefore the grantee is awarded by a program sponsor (granting agency).

    b. The indirect rate is the ratio (expressed as a percentage) of the indirect costs to a direct cost base, i.e., the grant. Federal law requires a grant recipient such as AVCP to accumulate costs that jointly benefit two or more grant programs or other approved activities that absorb direct costs in an account known as an "indirect cost pool". Indirect cost pool accounts typically include administrative salaries and fringe benefits associated with overall financial and organizational administration and operation and maintenance costs for facilities and equipment.

    c. The U.S. Department of the Interior adjudicates proposals from grantees for indirect cost rates. Grantees such as AVCP are required to submit an "indirect cost rate proposal" to the U.S. Department of the Interior, which includes the proposal and

*Association of Village Council Presidents v Newhouse & Vogler* - 6
Case No.
COMPLAINT
KILPATRICK TOWNSEND 71350917 1

KILPATRICK TOWNSEND & STOCKTON LLP
645 G STREET, SUITE 100
ANCHORAGE, ALASKA 99501
206.467.9600 FAX: 206.623.6793

EXHIBIT A
Page 6 of 12

Case 4:19-cv-00002-TMB   Document 1-1   Filed 01/11/19   Page 6 of 12

supporting documentation including related audited financial statements and sometimes underlying general ledgers, trial balances, etc. The grantor may allow a provisional or a final indirect cost rate. A provisional rate is a temporary indirect cost rate that is applied to a limited time period that is used until a "final" rate is established for that same period. Provisional rates can be used for funding, interim reimbursement, and reporting of indirect costs on federal awards.

   d. A grantee must finalize a provisional rate by submitting an "Indirect Cost Rate Proposal for a Final Rate" once the actual costs for the specified time period are known and can be verified through audited financial statements. A final rate is an indirect cost rate applicable to a specific time period that is based on the actual, allowable costs of that period. Once established, a final rate determines the ultimate rate of reimbursement, with a true audited rate cannot be adjusted.

   e. AVCP failed to attempt to finalize its 2012 provisional rate until it was too late (such failure occurring in 2013 and then 2014, both such years audited by Newhouse & Vogler in 2014 and 2015), (such failure occurring in 2013 and then 2014, both such years audited by Newhouse & Vogler in 2014 and 2015), which allowed the 2012 provisional rate of 22.82% to be carried forward into 2013, 2014, and 2015. The failure to true up for three consecutive years caused AVCP to lose its right to obtain reimbursement from grantors through application of "final" rates for 2013-2015 of, respectively, 26.12%, 28.08%, and 31.58%. Had these higher rates been applied, AVCP would have received a net benefit in millions of dollars from these "true ups" based on the difference between the lower provisional rate and the higher final rates.

   f. Moreover, AVCP's failure to submit proposals for final rates for three consecutive years since 2012 caused it to forfeit any indirect cost rate recovery whatsoever for federal grants closed in 2016. Attached is the Indirect Cost Negotiation Agreement, which provides for a 2016 provisional rate of 33.97%. So far, HeadStart did not allow AVCP an indirect cost recovery for 2016, nor did one other federal grantor.

*Association of Village Council Presidents v Newhouse & Vogler* - 7
Case No.
COMPLAINT
KILPATRICK TOWNSEND 71350917 1

KILPATRICK TOWNSEND & STOCKTON LLP
645 G STREET, SUITE 100
ANCHORAGE, ALASKA 99501
206.467.9600 FAX: 206.623.6793

EXHIBIT A
Page 7 of 12

Case 4:19-cv-00002-TMB   Document 1-1   Filed 01/11/19   Page 7 of 12

As set forth in the single audit pages of the audit prepared by BDO, the firm hired by AVCP to replace Newhouse & Vogler, the total direct expenses for Headstart are $1,936,509. This means that had it not been for AVCP's failure to finalize indirect cost rates for 2012-15 it would have recovered $661,229 for Headstart alone.

21. Fifth, unexplained differences in beginning and ending balances between one AVCP accounting software system and the next replacement system.

22. Sixth, AVCP was operating its hotel and flight school despite having minimal grant dollars and virtually no available unrestricted funds allocated to that purpose.

23. Seventh, an overall lack of required skillsets within AVCP to maintain adequate internal controls.

24. This meant that each of the audit reports that had been issued by Newhouse & Vogler and submitted to federal and state government agencies as recently as the reports on AVCP's 2013 year contained numerous deficiencies and omissions. In each of the 2010-2014 years' under audits (the 2014 audit not yet having been issued but having been provided to AVCP in final draft), there were major issues that should have been both discovered by Newhouse & Vogler in the performance of its duties and in turn brought to AVCP under the duties that Newhouse & Vogler owed to AVCP. Newhouse & Vogler should have, in the exercise of due care, recognized such problems and highlighted them in its audit findings and associated corrective action plans, and furthermore should have included suggestions for improving internal controls and other recordkeeping in a management comment letter.

25. Newhouse & Vogler's negligence and other misconduct has proximately caused AVCP to suffer the following damages:

(i) fees Paid to Newhouse & Vogler for the firm's audit work;

(ii) fees Paid to an accounting firm to conduct an independent evaluation and provide recommendations for addressing the problems that Newhouse & Vogler had for years failed to identify;

*Association of Village Council Presidents v Newhouse & Vogler* - 8
Case No.
COMPLAINT
KILPATRICK TOWNSEND 71350917

KILPATRICK TOWNSEND & STOCKTON LLP
645 G STREET, SUITE 100
ANCHORAGE, ALASKA 99501
206.467.9600 FAX: 206.623.6793

EXHIBIT A
Page 8 of 12

Case 4:19-cv-00002-TMB   Document 1-1   Filed 01/11/19   Page 8 of 12

(iii) fees paid to a tax attorney to remedy various problems that should have been, but were not, identified and resolved by Newhouse & Vogler;

(iv) the cost of bringing AVCP's indirect cost rate ratio into compliance because Newhouse & Vogler had failed to advise of the need to do so as part of its scope of engagement and duty of care;

(v) lost funds for administrative expenses across several grants because Newhouse & Vogler failed to maintain a current indirect cost rate ratio and otherwise determine and ensure that AVCP complied with federal and state laws;

(vi) lost grant funds because of poor audit results on AVCP's 2014 and 2015 years, which were a direct result of Newhouse & Vogler's negligence;

(vii) the cost to establish a grants and compliance department because Newhouse & Vogler ignored ten years' worth of growth in the number of grants that AVCP took in, and also ignored the numerous issues AVCP encountered in trying to manage those grants;

(viii) loss of AVCP's business development department and anticipated future associated revenue because AVCP had to devote considerable resources to remedying the problems caused by Newhouse & Vogler's negligence and no longer could support these endeavors;

(ix) investment losses incurred by AVCP because AVCP had operated a hotel business for many years at a loss, which Newhouse & Vogler negligently failed to denote or disclose as a potential given that AVCP had minimal grant dollars and virtually no available unrestricted funds allocated to that purpose;

(x) loss of access to federal appropriation dollars granted subject to the 2014 audit's presentation, caused by AVCP's need to replace Newhouse & Vogler's 2014 audit with a re-audit of the year to be undertaken by competent auditors;

(xi) travel expenses incurred by AVCP's management in addressing problems caused by Newhouse &Vogler's negligence;

*Association of Village Council Presidents v Newhouse & Vogler* - 9
Case No.
COMPLAINT
KILPATRICK TOWNSEND 71350917 1

KILPATRICK TOWNSEND & STOCKTON LLP
645 G STREET, SUITE 100
ANCHORAGE, ALASKA 99501
206.467.9600 FAX: 206.623.6793

EXHIBIT A
Page 9 of 12

Case 4:19-cv-00002-TMB   Document 1-1   Filed 01/11/19   Page 9 of 12

(x) crisis communications expenses incurred by AVCP because it was required to retain a communications professional to assist with messaging and relationship management in response to concerns raised by the Yukon-Kuskokwim Delta press and the 56 Villages; and

(xi) time value of delayed use of grant funds which would have been expended had AVCP not needed to revise its prior-filed reports on use of grant funds because of Newhouse & Vogler's negligence.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM: NEGLIGENCE

26. AVCP repeats the preceding paragraphs as though fully set forth herein.

27. Newhouse & Vogler had a duty to exercise due care in recognizing problems with AVCP's internal controls and reporting to federal and state granting agencies, and highlighted them in its audit findings, and furthermore should have included suggestions for improving internal controls and other recordkeeping in a management comment letter. Further, Newhouse & Volger in the exercise of due care should have worked with AVCP to develop a responsive audit corrective action plan from management.

28. Newhouse & Vogler breached the duty of care that it owed to AVCP, which breach proximately cased injury to AVCP such that actual loss and damage in an amount to be proven at trial resulted from Newhouse & Vogler's negligence.

### SECOND CLAIM: BREACH OF CONTRACT

29. AVCP repeats the preceding paragraphs as though fully set forth herein.

30. Pursuant to the agreements between Newhouse & Vogler and AVCP, Newhouse & Vogler undertook a duty to exercise due care in recognizing problems with AVCP's internal controls and reporting to federal and state granting agencies, a duty to highlight such problems in its audit findings and associated corrective action plans, and a duty to include recommendations for improving internal controls and financial statement recordkeeping and reporting in a management comment letter. Further, Newhouse & Volger also undertook a duty

*Association of Village Council Presidents v Newhouse & Vogler* - 10
Case No.
COMPLAINT
KILPATRICK TOWNSEND 713509171

KILPATRICK TOWNSEND & STOCKTON LLP
645 G STREET, SUITE 100
ANCHORAGE, ALASKA 99501
206.467.9600 FAX: 206.623.6793

EXHIBIT A
Page 10 of 12

Case 4:19-cv-00002-TMB   Document 1-1   Filed 01/11/19   Page 10 of 12

as needed to with AVCP to develop a responsive audit corrective action plan from management.

31.  Newhouse & Vogler breached these duties which it undertook on behalf of AVCP, which breach proximately caused injury to AVCP such that actual loss and damage in an amount to be proven at trial resulted from Newhouse & Vogler's negligence.

## THIRD CLAIM: VIOLATIONS OF THE ALASKA UNFAIR TRADE PRACTICE AND CONSUMER PROTECTION ACT (UTPA)

32.  AVCP repeats the preceding paragraphs as though fully set forth herein.

33.  In the years that Newhouse & Vogler performed GAAP audit and single audit services for AVCP, Newhouse & Vogler understood that a reason that AVCP had retained it to perform GAAP and single audits for AVCP was that AVCP was required to retain auditors to test federal and state grant-expenditure and reporting compliance with respect to any grants that were categorized by federal law for single audit purposes as "major grants." Throughout the years at issue in this litigation, Newhouse & Vogler without exception issued "clean" single audit opinions with respect to compliance with federal and state laws, and AVCP filed these audit reports with federal and state of Alaska government granting agencies, even though Newhouse & Vogler should have known that the true facts did not support clean opinions and that its audit reports were misleading both AVCP and government regulators with respect to the adequacy of AVCP's internal controls.

34.  The foregoing conduct by Newhouse & Vogler constituted violations of the Alaska Unfair Trade Practice And Consumer Protection Act (UTPA), AS 45.50.471 (12), which prohibits "using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived, or damaged."

*Association of Village Council Presidents v Newhouse & Vogler* - 11
Case No.
COMPLAINT
KILPATRICK TOWNSEND 71350917 1

KILPATRICK TOWNSEND & STOCKTON LLP
645 G STREET, SUITE 100
ANCHORAGE, ALASKA 99501
206.467.9600 FAX: 206.623.6793

EXHIBIT A
Page 11 of 12

Case 4:19-cv-00002-TMB   Document 1-1   Filed 01/11/19   Page 11 of 12

35. Newhouse & Vogler's violation of the UTPA proximately caused injury to AVCP such that actual loss and damage in an amount to be proven at trial resulted from Newhouse & Vogler's violations.

## VII. PRAYER FOR RELIEF

1. AVCP requests an award of compensatory damages against the defendants Newhouse & Vogler, Joseph Lee Newhouse, James Robert Newhouse, and Stephen Robert Vogler in an amount to be proved at trial, together with any pre-judgment and post-judgment interest.

2. AVCP requests that this court declare that Newhouse & Vogler, Joseph Lee Newhouse, James Robert Newhouse, and Stephen Robert Vogler have violated the UTPA.

3. AVCP requests an award of punitive damages against Newhouse & Vogler, Joseph Lee Newhouse, James Robert Newhouse, and Stephen Robert Vogler in an amount to be proved at trial, for their reckless indifference to the interests of another, together with any pre-judgment and post-judgment interest.

4. AVCP requests an award of litigation costs incurred herein, including attorneys' fees and costs as permitted by law.

5. AVCP requests an award of prejudgment interest.

6. AVCP requests such further relief as the Court deems just, proper, and equitable.

DATED: November 30, 2018

KILPATRICK TOWNSEND & STOCKTON LLP

By _____
John R. Neeleman, Bar No. 8611127
jneeleman@kilpatricktownsend.com
Telephone: 206-467-9600
Facsimile: 206-623-6793
Attorneys for Plaintiffs

*Association of Village Council Presidents v Newhouse & Vogler* - 12
Case No.
COMPLAINT
KILPATRICK TOWNSEND 71350917 1

KILPATRICK TOWNSEND & STOCKTON LLP
645 G STREET, SUITE 100
ANCHORAGE, ALASKA 99501
206.467.9600 FAX: 206.623.6793

EXHIBIT A
Page 12 of 12

Case 4:19-cv-00002-TMB   Document 1-1   Filed 01/11/19   Page 12 of 12